UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISHMAEL A. WAHID, | ) | Case No. 5:05 CV 2013 |
| | ) | |
| Petitioner, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| CHRISTINE MONEY, WARDEN, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

In the petition dated August 15, 2005 filed under 28 U.S.C. §2254 Ishmael A. Wahid seeks prompt federal habeas corpus review of his November 2003 state convictions in the Summit County, Ohio Court of Common Pleas on illegal drug-related offenses and links these conditions to a supervised release violation report issued in *U.S. v. Wahid,* in the U.S. District Court for the Northern District of Ohio, Case No. 5:95 CR 145.  In the federal case Wahid was sentenced in March 1996 to eight years and four months followed by an eight-year period of supervised release.  Wahid indicates in his petition that he pleaded guilty to the state charges and was sentenced to seven years incarceration, post-release control for up to three years and forfeiture of over $32,000 was ordered.

*Lack of Exhaustion and Procedural Default:*

Wahid admits that he did not timely appeal his state convictions but complains that his efforts to take a delayed appeal have been thwarted. The state appellate court, as evidenced by Wahid's Exhibit A, granted leave for a delayed appeal and notice of appeal was filed.  However, Wahid

05CV2013                                                    2

requested waiver of the filing deposit.  The state appellate court denied waiver conditionally on Wahid's presentation of a notarized financial disclosure statement by April 28, 2005.  Wahid, nevertheless, went ahead and filed his brief in support, but on May 25, 2005 the appeal was dismissed for failure to comply with the order to either pay filing fees or file financial disclosure statement. Wahid moved for reconsideration but on June 9, 2005, but reconsideration was denied.

Wahid argues that he should be excused from exhausting his state remedies with respect to the following three grounds presented in his habeas petition:

> One:   Denial of First Amendment right to access a court due to state appellate court's dismissal of appeal.
>
> Two:   Denial of effective assistance of counsel because the state failed to give defense counsel exculpatory evidence resulting in an uninformed choice of waiving jury trial.
>
> Three: Denial of due process of law in sentencing due to forfeiture and imposition of post release control.

The undersigned finds that the grounds raised in the petition are both lacking in exhaustion of state remedies and procedurally defaulted for failure to raise them before the Ohio Supreme Court. Wahid fails to explain any reason to reasonably demonstrate that the state review process is now closed to him.  It would appear that he can yet reattempt to exercise his delayed appeal under Ohio App.Rule 5(A) with production of a notarized financial disclosure statement to indicate his filing status as an indigent.

05CV2013                                                    3

Exhaustion requires petitioner to exercise those state remedies still open to him at the time he filed his petition in federal court. See *Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979); *O'Sullivan v. Boerckel*, 576 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). As 28 U.S.C. §2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Exhaustion of state remedies requires petitioners challenging state convictions to present "the substance of the federal claim to the state's highest court." *Picard v. Connor*, 404 U.S. 270, 275, 98 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 843, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). "A federal court will not address a habeas petitioner's claim unless the petitioner has first fairly presented his claim to the state courts." *Dietz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004), *Hannah v. Conke*, 49 F.3d 1193, 1196 (6th Cir. 1995). "Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

Wahid has further created a peculiar species of procedural default due to the failure to "fairly present" his grounds to the Ohio Supreme Court before filing his federal petition. Generally, the

05CV2013 4

federal courts require a "plain statement" from the state courts that the claim is rejected due to procedural default. *Coleman v. Thompson*, 501 U.S. 723, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, "[t]his rule necessarily applies only when a state court has been presented with a federal claim, as will usually be true given that a federal claimant exhaust state-court remedies before raising the claim in a federal habeas petition." *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1980); *Coleman*, 501 U.S. at 734.

Moreover, Rule 4 of the Rules Governing §2254 Cases permits a district court to dismiss a habeas petition *sua sponte* as an initial matter when it plainly appears from the face of the petition that the petitioner is not entitled to relief. See *Scott v. Collins*, 286 F.3d 923, 929-30 (6th Cir. 2002). "Every circuit to consider the issue holds that a habeas court has discretion to raise procedural default *sua sponte* to further the interest of comity, federalism and judicial efficiency." *Id.* citing *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

### *CONCLUSION AND RECOMMENDATION*

It appears that the federal district court cannot review Wahid's grounds due to his failure to "fairly present" them to the Ohio Supreme Court, which resulted both in a failure to exhaust state remedies and procedural default. Since Wahid has provided no reasonable explanation of his failure to exhaust state remedies nor does he assert reasons to excuse his procedural default, the federal

05CV2013                                                5

district court lacks both jurisdiction and is barred from reviewing the state conviction. Accordingly, it is recommended that the petition be dismissed without prejudice.

                                                                 s/James S. Gallas
                                                             United States Magistrate Judge

     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: September 22, 2005